IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL NEWELL | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 14-553 |
| | : | |
| TABB BICKELL, et al. | : | |

ORDER

AND NOW, this 9th day of June, 2014, upon consideration of petitioner Newell's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket entry # 1), our April 28, 2014 Order referring this matter to the Honorable Marilyn Heffley for a report and recommendation (docket entry # 7) pursuant to Local Rule 72.1 and 28 U.S.C. §636(b)(1)(B), the petitioner's motion to amend (docket entry # 8) and respondents' response (docket entry # 9), and Judge Heffley's May 22, 2014 report and recommendation ("R&R") (docket entry # 10) to which petitioner filed no objections, and the Court finding that:

(a)    Petitioner Newell filed the present habeas petition alleging ineffective assistance of probation counsel and appellate counsel, in connection with the termination of his probation in 2013 for violating the terms of his state-imposed probation, R&R at 1-2;

(b)    Respondents have filed a response urging us to dismiss this petition without prejudice to allow the petitioner to exhaust his claims in state court by filing a petition pursuant to Pennsylvania's Post Conviction Relief Act, 42 Pa.Con. Stat. §9545 et seq. ("PCRA"), id. at 3;

(c)    Absent unusual circumstances not present here, state court prisoners must give the state courts one full opportunity to resolve any constitutional issues, and to exhaust a claim for relief a state prisoner must fairly present all federal claims to the highest state court as a

matter of federal-state comity, see O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999);

   (d) For example, a federal court may excuse the exhaustion requirement when there has been extraordinary delay by the state court in addressing claims, see Wojtczak v. Fulcomer, 800 F.2d 353, 354 (3d Cir.1986);

   (e) Here, as Judge Heffley notes, barely two years elapsed from the filing of Newell's appeal and the filing of his habeas petition, far less than the 33 months our Court of Appeals held to be inexcusable in Wojtczak, R&R at 4; see also Wojtczak. 800 F.2d at 356;

   (f) Judge Heffley also found that Newell will not be harmed by the dismissal of his petition without prejudice because he will be able to return to this court by filing a timely petition once he has exhausted any appeal from his PCRA proceeding as the federal limitation period has not begun to run, R&R at 5;

   (g) Newell is constrained only by the Pennsylvania time limitations that require him to either petition the Pennsylvania Supreme Court for review within thirty days of the denial in Pennsylvania Superior Court or file a PCRA petition within the year following that initial thirty-day period, R&R at 6;

   (h) Further, Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit provides that "at the time a final order denying a habeas petition . . . is issued, the district court judge will make a determination as to whether a certificate of appealability should issue";

   (i) Such a certificate should issue only if the petitioner demonstrates that "reasonable jurists could debate" whether the petition states a valid claim for the denial of a constitutional right, Slack v. McDaniel, 529 U.S. 473, 484 (2000); and

(j)     We do not believe that reasonable jurists could debate the conclusion that Newell's petition does not state a valid claim for the denial of a constitutional right because his state claims are unexhausted, and so we decline to issue a certificate of appealability;

It is hereby ORDERED that:

1.      The report and recommendation is APPROVED and ADOPTED;

2.      Newell's petition for a writ of habeas corpus is DENIED WITHOUT PREJUDICE and DISMISSED as premature;

3.      For the reasons stated above, we DECLINE to issue a certificate of appealability; and

4.      The Clerk of Court shall CLOSE this case statistically.

BY THE COURT:


/s/ Stewart Dalzell, J.